IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:19-CR-438-ECM-SMD |
| | ) | |
| HOWARD TREMAINE GRANT | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Defendant, Howard Tremaine Grant ("Grant"), is charged with a single count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Indictment* (Doc. 1) p. 1.  He now moves to dismiss on speedy trial grounds under both the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. §§ 3161-3174.[1]  *Def.'s Mot.* (Doc. 24) p. 1.  Defendant's constitutional right to a speedy trial presents a mixed question of law and fact.  U*nited States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010).  The undersigned Magistrate Judge held an evidentiary hearing on March 22, 2021.  At the hearing, the defense called one witness who testified about U.S. Marshals Service procedures concerning detainers.  The Government called no witnesses. For the reasons that follow, the undersigned RECOMMENDS that Defendant's motion be DENIED.

---

[1] Although Defendant mentions the Speedy Trial Act on the first page of his motion, *Def.'s Mot.* (Doc. 24) p. 1, he made no substantive arguments concerning the Act in his briefs or at the hearing, and this ground is deemed abandoned. *See, e.g.*, *Mesa Air Group, Inc. v. Delta Air Lines*, 573 F.3d 1124, 1131 (11th Cir. 2009).  Nonetheless, addressing this claim on the merits, the Act requires a criminal trial to begin no later than 70 days after a defendant is charged by indictment or complaint, or makes his initial appearance, whichever occurs later.  18 U.S.C. § 3161(c)(1); *Bloate v. United States*, 559 U.S. 196, 198–99 (2010).  Grant made his initial appearance before the undersigned on February 18, 2021 (Doc. 17) and his trial is scheduled for April 26, 2021, 57 days later. *Order* (Doc. 18) p. 1.  Because this is well within the seventy-day limit, there is no Speedy Trial Act violation.  Compliance with the Act does not preclude a finding that the Sixth Amendment's Speedy Trial Clause has been violated, but a trial that complies with the Act raises a strong presumption of compliance with the Constitution. *See United States v. Baker*, 63 F.3d 1478, 1479 (9th Cir. 1995).

**I.    LEGAL STANDARD**

The Sixth Amendment's Speedy Trial Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial."  U.S. CONST. AMEND. VI.  The Clause protects against unreasonable delays in criminal proceedings from the Government's initiation of charges by indictment or arrest through conviction. *Betterman v. Montana*, 136 S.Ct. 1609, 1614 (2016).  In *Barker v. Wingo*, the Supreme Court recognized that the right to a speedy trial is "more vague than other procedural rights," and no precise formula can "definitely say how long is too long in a system where justice is supposed to be swift but deliberate."  407 U.S. 514, 521 (1972).  Accordingly, the *Barker* Court established a four-factor balancing test for evaluating Sixth Amendment speedy trial claims, which weighs the conduct of both the prosecution and the defendant. *Id.* at 530.

In performing this balancing test, courts must examine: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) actual prejudice to the defendant.  *United States v. Oliva*, 909 F.3d 1292, 1298 (11th Cir. 2018).  The defendant bears the burden on the first, third, and fourth *Barker* factors; the Government bears the burden on the second*.  See, e.g.*, *United States v. Machado*, 886 F.3d 1070, 1080 (11th Cir. 2018); *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996).  Unless the first three *Barker* factors all "weigh heavily" against the Government, the defendant must, on the fourth factor, prove that he was actually prejudiced by: (1)

2

oppressive pretrial incarceration, (2) his own anxiety or concern, or (3) the possibility that his defense was impaired by the delay. *Machado*, 886 F.3d at 1081–82. Actual prejudice is presumed, and a defendant need not prove the fourth factor, when the first three factors all weigh heavily against the Government. *Id.* at 1081; *Oliva*, 909 F.3d at 1298.

## II.   FINDINGS OF FACT

On October 29, 2019, the grand jury indicted Grant on a single count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). *Indictment* (Doc. 1) p. 1. The Court issued an arrest warrant two days later. *Warrant* (Doc. 3) p. 1. The federal charge arose from a February 10, 2018 search by Dothan Police officers responding to a domestic violence call. *Gov't's Resp.* (Doc. 27) p. 1. They patted Grant down and discovered a loaded .22 caliber pistol in his pants. *Id.* At the time of his federal indictment, Grant was facing State charges for, *inter alia*, attempted murder and discharging a firearm into an occupied building, and he was detained in the Houston County Jail. *Alabama v. Grant*, Case Nos. CC-2020-149; 2020-150; 2020-151 (Cir. Ct. Houston County, Ala).[2] The State charges arose from a September 12, 2018 shooting at a Dollar General in Dothan and were unrelated to Grant's pending federal firearms charge. *Id.*

---

[2] It is proper for district court to take judicial notice of state-court records. *Paez v. Sec. Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020). The undersigned takes judicial notice of the records of the Circuit Court of Houston County, obtained through alacourt.com, and attaches them to this recommendation. *Attach. 1* (Doc. 33-1) p. 2.

On November 6, 2019, the United States Marshals Service lodged a detainer against Grant, eight days after he was indicted. *Detainer* (Doc. 4) p. 1. The detainer instructed the State that, "[p]rior to the subject's release from your custody, please notify this office at once so that we may assume custody if necessary." *Id.* It further instructed that "if the subject is sentenced while this detainer is in effect, please notify this office at once," and requested that a copy be provided to defendant. *Id.* The Marshals Service routinely notifies the U.S. Attorney's Office, the Court, and other interested federal entities when it files a detainer, and there is no evidence that it did not do so here. The responsible Assistant U.S. Attorney stated that he was unaware of the detainer and assumed that Grant was at large and being pursued by U.S. Marshals pursuant to the arrest warrant. *Gov't's Resp.* (Doc. 27) at 4.

On November 30, 2020, Grant pleaded guilty to the State charges and was sentenced to 30 months imprisonment. *Attach. 1* (Doc. 33-1) p. 5. The United States obtained a writ of *habeas corpus ad prosequendum* on January 25, 2021. *Writ* (Doc. 9) p. 1. Grant made his initial appearance before this Court and was arraigned on February 18, 2021. *Order* (Doc. 17) p. 1. He is set for trial on April 26, 2021. *Id.* at 2.

### III. ANALYSIS

The Court will address the four *Barker* factors seriatim.

4

### A.    Length of Delay

The first *Barker* factor, length of the delay, is a threshold inquiry that determines whether further analysis is required. *Oliva*, 909 F.3d at 1298. Delays of less than one year between indictment and trial do not violate the Speedy Trial Clause, while delays exceeding one year are "presumptively prejudicial" and require analysis of the remaining factors. *Clark*, 83 F.3d at 1352 (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)).

Here, "the Government concedes that the delay between Grant's indictment and arrest has exceeded one year and is therefore presumptively prejudicial." *Gov't's Resp.* (Doc. 27) p. 3. The delay between Grant's indictment (October 29, 2019) and his trial (April 26, 2021) is one year, five months, and twenty-nine days. Therefore, Grant satisfies the one-year post-indictment threshold. But this does not mean that the first factor weighs heavily against the Government; the weight attributed to any year-plus delay is a separate inquiry,[3] which the undersigned addresses below. *See infra* Section III.B.

### B.    Reason for Delay

When the pre-trial delay exceeds one year, the Government bears the burden to explain the cause of the delay. *Machado*, 886 F.3d at 1080. On this second *Barker* factor, "[d]ifferent reasons for delay are accorded different weights." *Oliva*, 909 F.3d at 1301. Intentional, bad-faith efforts to hinder the defense through delay weigh heavily against the

---

[3] *Oliva*, 909 F.3d at 1298.

5

Government. *Id.* Valid excuses, such as inability to locate a missing witness, weigh in favor of the Government. *Id.* Delays due to negligence fall between these two extremes. *Id.* Negligence weighs against the Government, but the weight accorded to a negligent delay depends on the length of the delay—the longer the delay, the greater the weight against the Government. *Id.* at 1302.

The Government concedes that it "could have and should have been more diligent in bringing Grant before this Court" and that "its failure to do so is due to negligence . . . ." *Gov't's Resp* (Doc. 27) p. 4. The Government contends that its "negligence was entirely unintentional." *Id.* Neither party has introduced any evidence showing bad faith or intentional delay by the Government, and the undersigned accepts the Government's position that it was negligent.

Whether this negligence weighs heavily against the government turns on the length of the delay. *Oliva*, 909 F.3d at 1302. Defendant argues that the delay here should be calculated from the date of the alleged crime (February 10, 2018) to his current trial date (April 26, 2021) for a total of three years, two months and fourteen days. *Def.'s Mot.* (Doc. 24) p. 4. Although the Supreme Court has repeatedly emphasized that the protection of the Speedy Trial Clause "does not attach until . . . a defendant is arrested or formally accused," *Betterman*, 136 S.Ct. at 1613, the Eleventh Circuit considers "*inordinate* pre-indictment delay in determining how heavily post-indictment delay weighs against the

6

Government," and we are bound by that law. *United States v. Ingram*, 446 F.3d 1332, 1339 (11th Cir. 2006) (emphasis added).[4]

Under Eleventh Circuit precedent, pre-indictment delay can be considered only when it is "inordinate." *Oliva*, 909 F.3d at 1304. In *Ingram*, for example, the Eleventh Circuit found that a pre-indictment delay of nearly thirty-two months was inordinate given the relatively straightforward charge of making a false statement in attempting to acquire a firearm in violation of 18 U.S.C. § 922(a)(6). *Ingram*, 446 F.3d at 1339. In *Oliva*, by contrast, the court held that a twenty-four-month pre-indictment delay was not inordinate in a complex conspiracy case arising from two large-scale warehouse burglaries. *Oliva*, 909 F.3d at 1305. Here, the relatively simple charge of unlawful possession of a firearm by a convicted felon is akin to the charge in *Ingram*. But unlike the thirty-two-month pre-indictment delay in *Ingram*, the delay here is considerably less at twenty months. Accordingly, the undersigned holds that the pre-indictment delay, which falls far short of the delay in *Ingram*, is not inordinate and should not be considered in determining how heavily the Government's negligence weighs against it.

In determining post-indictment delay, the relevant period is between the time the right to a speedy trial attaches to the commencement of trial or resolution of a speedy trial motion, whichever is shorter. *Villarreal*, 613 F.3d at 1350 (citing WAYNE R. LAFAVE ET

---

[4] Other courts do not consider pre-indictment delays. *See e.g.*, *United States v. Schulick*, 290 F. Supp. 3d 322, 348–49 (E.D. Pa. 2017).

7

AL., CRIMINAL PROCEDURE § 18.2(b) (4th ed. 2020)).  The right to a speedy trial attaches at the time of indictment. *Betterman*, 136 S.Ct. at 1613.  Here, Grant was indicted and his speedy trial right attached on October 29, 2019.  *Betterman*, 136 S.Ct. at 1613. Giving him the benefit of the doubt and using the scheduled trial date of April 26, 2021, his total pretrial delay is seventeen months and twenty-nine days.

In *Clark,* the Eleventh Circuit held that a seventeen-month delay between indictment and *arrest* due solely to government negligence does not weigh heavily against the Government.[5]  *Clark*, 83 F.3d at 1354.  Here, Defendant attempts to distinguish *Clark*. *Reply*, (Doc. 31) pp. 2–3.  He argues that, in *Clark*, the delay resulted from poor cooperation between the U.S. Marshals and local police, whereas here the delay was solely the fault of the Government.  *Id.*

These differences are immaterial.  In *Clark*, the defendant continuously resided in the same apartment listed on the arrest warrant and regularly attended college classes. *Clark*, 83 F.3d at 1352.  As here, the Government knew Grant's whereabouts, and the failure to promptly arrest him was due entirely to the Government's negligence.  *Id.* at 1352–53.  Whether that negligence involved a lack of communication between federal and local law enforcement or two components of the Department of Justice makes no difference.  The degree of government culpability is the same: negligence.

---

[5] Of course, the length of time between defendant's arrest and trial would only add to the overall pretrial delay at issue in *Clark* and would certainly be more than 29 days.

In reaching its holding in *Clark,* the Eleventh Circuit favorably cited *United States v. Beamon*, 992 F.2d 1009, 1015 (9th Cir. 1993), which held that a delay between seventeen and twenty months due to government negligence does not weigh heavily against the Government. *Clark*, 83 F.3d at 1354; *see also Oliva,* 909 F.3d at 1305–06 (holding that 23-month delay due to negligence does not weigh heavily against the Government). Here, the total post-indictment delay of seventeen months and twenty-nine days fits comfortably within that bracket. Accordingly, while both the first and second *Barker* factors weigh against the Government, they do not weigh heavily against it.

Finally, the undersigned notes that for thirteen months of the seventeen-month and twenty-nine-day delay here, Grant was detained by the State on charges including attempted murder and discharging a firearm into an occupied building. *Attach. 1* (Doc. 33-1) p. 10. The Fourth, Sixth, Seventh, and Eighth Circuits have all held that delaying trial to allow another jurisdiction to complete its prosecution of a defendant is a valid reason for delay that weighs in favor of the Government. *United States v. Grimmond*, 137 F.3d 823, 828 (4th Cir. 1998) ("Simply waiting for another sovereign to finish prosecuting a defendant is without question a valid reason for delay."); *United States v. Schreane*, 331 F.3d 548, 554–55 (6th Cir. 2003) (explaining that delay for a pending state prosecution is a factor in the Government's favor); *United States v. Ellis*, 622 F.3d 784, 791 (7th Cir. 2010) ("It is generally accepted that a delay occasioned by the prosecution of the defendant in another jurisdiction is not a basis for dismissal on constitutional speedy trial grounds.");

9

*United States v. Brown*, 325 F.3d 1032, 1035 (8th Cir. 2003) (noting that "the government reasonably chose not to obtain immediate custody of Brown to avoid disrupting his [State] prosecution"). The Sixth Circuit explains that

> to require the federal government to prosecute an accused before state proceedings have run their course "would be to mire the state and federal systems in innumerable opposing writs, to increase inmate transportation back and forth . . . with consequent additional safety risks and administrative costs, and generally to throw parallel federal and state prosecutions into confusion and disarray."

*Schreane*, 331 F.3d at 555 (quoting *United States v. Thomas*, 55 F.3d 144, 150–51 (4th Cir. 1995)).[6] The undersigned also takes judicial notice that the COVID-19 pandemic hit Alabama in March 2020, greatly disrupting State and federal government operations. GOV. KAY IVEY, EMERGENCY PROCLAMATION 1 (Mar. 13, 2020), https://governor.alabama.gov/assets/2020/03/2020-03-13-Initial-COVID-19-SOE.pdf. Although the Government has not raised these grounds, they further show that the negligent delay here should not weigh heavily against the Government.

    C. **Defendant's Assertion of Right to Speedy Trial**

The Government "concedes that Grant timely asserted his right to a speedy trial, and therefore, the third factor has been met." *Gov't's Resp*. (Doc.27) p. 3.

---

[6] The Ninth and Tenth Circuits take an *ad hoc* approach holding that delays to allow completion of a State prosecution may or may not be justified depending on the circumstances. *See, e.g.*, *United States v. Myers*, 930 F.3d 1113, 1121 (9th Cir. 2019); *United States v. Seltzer*, 595 F.3d 1170, 1177–78 (10th Cir. 2010).

### D.   Actual Prejudice

Grant has failed to prove actual prejudice. Because the first three *Barker* factors do not all weigh heavily against the Government, Defendant must prove actual prejudice. *See, e.g.*, *Machado*, 866 F.3d at 1081; *Villarreal*, 613 F.3d at 1355. To do this, he must show: (1) oppressive pretrial incarceration, (2) anxiety or concern, or (3) possible impairment of his defense due to the delay. *Barker*, 407 U.S. at 532. On the first ground, Grant cannot show oppressive pretrial incarceration because he was in State custody for thirteen months of the seventeen-month delay.

On the second ground, Grant argues he could have suffered additional anxiety and concern due to the delay. *Reply* (Doc. 31) pp. 3–4. However, he introduced no evidence of excessive anxiety and concern at the hearing. Grant bears the burden of proof on this point, and his failure to introduce any evidence is fatal to this argument. In addition, his reliance on this Court's opinion in *United States v. Bradley*, 2:17-cr-482-MHT-SMD, (Doc. 889) pp. 3–4 (M.D. Ala. Feb. 22, 2021), is misplaced. *Reply* (Doc. 31) p. 3. In *Bradley*, the defendant moved to dismiss on speedy trial grounds, and the Government acceded and moved to voluntarily dismiss without prejudice. *Bradley*, 2:17-cr-482-MHT-SMD, (Doc. 889) pp. 3–4. Defendant sought dismissal with prejudice and the government did not respond to his arguments. *Id.* at 2. The Court never held a hearing or took any evidence and accepted Bradley's factual and legal contentions as unopposed. *Id.* at 4. Because both

11

the issue before the Court and the procedural posture in *Bradley* are markedly different, it is not persuasive here.

On the third ground, the Eleventh Circuit instructs that "prejudice may be demonstrated through the death or disappearance of a witness or by a defense witness's inability to 'recall accurately events of the distant past.'" *Machado*, 886 F.3d at 1082 (quoting *Barker*, 407 U.S. at 532). In *Machado*, the Eleventh Circuit emphasized that "mere conclusory allegations are insufficient to establish actual prejudice." *Id.* At the hearing in this case, Defendant introduced no evidence concerning any defense witnesses. Rather, Defendant argues that

> [h]ad Mr. Grant been brought before this Court in a timely fashion, he would have been appointed counsel, who would have been able to open investigations, including record-gathering and interviewing witnesses. At this point, it is impossible to prove a negative, that is, no one can say what witnesses would have recalled had the government brought Mr. Grant to court promptly, and this is exactly why the delay is prejudicial.

*Reply* (Doc. 31) pp. 4–5. This is precisely the type of conclusory allegation the Eleventh Circuit rejected as inadequate to prove actual prejudice in *Machado*. 886 F.3d at 1082.

Grant further argues that "[p]erhaps the greatest prejudice" is that the additional State convictions may result in a higher criminal history category at sentencing if he is convicted on this federal charge. *Reply* (Doc. 31) pp. 5–6; *see also Def.'s Mot.* (Doc. 24) p. 6. First, a higher criminal history category is not one of the three grounds establishing actual prejudice recognized by the Eleventh Circuit. *Machado*, 866 F.3d at 1081; *Villarreal*, 613 F.3d at 1355. Moreover, federal sentencing considerations are a valid

12

reason to wait for the conclusion of State criminal proceedings before commencing federal trial. *Schreane*, 331 F.3d at 555 (holding that determining what punishment to seek is a valid reason to delay federal trial until State trial completed). Similarly, Grant argues that he was deprived of the possibility to serve his State and federal sentences concurrently. *Def.'s Mot.* (Doc. 24) p. 7; *Reply* (Doc. 31) p. 4. This is pure conjecture. Grant has not demonstrated that delaying his federal trial until after he was convicted on the State charges somehow works an unconstitutional prejudice on him, and his unsupported argument directly contradicts the four circuits that have held such delay does not violate the Sixth Amendment. *See supra* pp. 8–9. Accordingly, Grant has failed to carry his burden of proving actual prejudice.

Weighing all four *Barker* factors, the undersigned concludes that the government did not violate Grant's constitutional right to a speedy trial. The Eleventh Circuit instructs that "dismissing an indictment is an 'extraordinary remedy'" that is not "to be given to defendants each time the Government's conduct unintentionally causes delay." *Oliva*, 909 F.3d at 1304 (quoting *Villarreal*, 613 F.3d at 1349). The seventeen-month and twenty-nine-day delay between Grant's indictment and scheduled trial due to government negligence is not excessively long, particularly given the COVID-19 pandemic and Defendant's failure to show that his defense has been actually prejudiced by the delay. Dismissal of Grant's indictment is therefore not warranted.

## V.  CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the undersigned Magistrate Judge that Defendant's motion to dismiss (Doc 24) be DENIED.

It is ORDERED that the parties shall file any objections to this Recommendation on or before **April 9, 2021**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of March, 2021.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE